Craig A. Crispin, OSB No. 82485
crispin@employmentlaw-nw.com
CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone:  503-293-5770
Fax:  503-293-5766
    Of Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**
**Portland Division**

| | |
|---|---|
| **SHANNON McCABE,** | Civil No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **TUALITY HEALTHCARE,** a nonprofit Oregon corporation, | (Disability Discrimination; Failure to Provide Reasonable Accommodation; Interference with Protected Medical Leave; Wrongful Discharge) |
| Defendant. | **DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

    1.    This is an action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., to eliminate discrimination based on disability, to vindicate plaintiff"s rights and the rights of other disabled workers to reasonable accommodation and interactive process and a workplace free of discrimination and retaliation, and to make plaintiff whole. It is also an action for Interference under the Family Medical Leave Act.

Page 1 – **COMPLAINT**          **CRISPIN EMPLOYMENT LAWYERS**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

2. This is also an action under Oregon's state unlawful employment practices statutes, ORS 659A.112(1), ORS 659A.183(2), and under Oregon common law.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.

4. The court has jurisdiction over plaintiffs' state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact. The state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

5. The unlawful employment actions alleged herein were committed in the District of Oregon.

## PARTIES

6. Plaintiff **SHANNON McCABE** is an individual whom at times material to this Complaint was employed by defendant Tuality Healthcare.

7. Plaintiff is disabled as defined by 42 U.S.C. 12102(1)(a) and ORS 659A.104(1)(a) in that she suffered from an acute back injury, leading to chronic and severe back pain, which limited her in the major life activities of performing manual tasks, sitting, and working, among others, and in her musculoskeletal major bodily function.

8. McCabe's impairments substantially limit her abilities as compared with the

performance of the same major life activities by most people in the general population.

9. McCabe is disabled as defined by 42 U.S.C. § 12102(1)(C) in that defendant acted as described herein because of an actual or perceived physical or mental impairment and thereby regarded her as disabled. She is disabled as defined by 42 U.S.C. § 12102(1)(B) in that she has a record of a disability.

10. McCabe is a qualified individual with a disability. At all times relevant, McCabe was able to perform the essential functions of her position with reasonable accommodation, or without such reasonable accommodation.

11. Defendant **TUALITY HEALTHCARE** at all relevant times is and was a domestic nonprofit corporation and an employer within the meaning of 42 U.S.C. § 12111(5), 29 U.S.C. § 2611(4), ORS 659A.001(4), and ORS 659A.153(1).

## PROCEDURAL REQUIREMENTS

12. Plaintiff filed charges of unlawful employment practices with the Oregon Bureau of Labor and Industries, Civil Rights Division ("BOLI"), and complaints with the Equal Employment Opportunity Commission ("EEOC") raising the statutory claims contained herein.

13. All administrative prerequisites to the filing of the statutory claims contained herein have been timely satisfied. All claims herein are filed timely within any applicable statute of limitations.

## FACTUAL ALLEGATIONS

14. In February 2004, defendant Tuality hired plaintiff McCabe as a Medical Transcriptionist.

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

15. On approximately February 17, 2012, McCabe was involved in a motor vehicle accident. She suffered acute back and neck injuries and required chiropractic care and massage therapy to treat her injuries. As a result of her injuries and treatment, plaintiff's physician limited plaintiff to working in two to three hour increments.

16. In late February or early March 2012, Marcey Hege, one of plaintiff's supervisors, granted plaintiff permission to work on a flex schedule to manage her injury and symptoms.

17. In October 2012, McCabe received an excellent performance evaluation and was advised she could continue working on a flex schedule, as needed.

18. In March 2013, McCabe experienced severe back pain and was advised by her neurosurgeon that she would likely experience chronic, intermittent back pain in the future and that she might need corrective surgery. Plaintiff's neurosurgeon recommended that McCabe take breaks and adjust her work schedule to manage her back pain.

19. McCabe inquired Tuality about taking intermittent medical leave to manage her severe back pain.

20. In mid- April 2013, McCabe's daughters were admitted to a treatment center for serious medical conditions. McCabe requested medical leave to attend to her daughters' serious medical conditions and a flex schedule to accommodate weekly conference calls with her daughters' treatment center.

21. Nisley authorized McCabe to adjust her schedule as needed and to inform Nisley if McCabe's total hours worked were different from the hours shown on plaintiff's time record.

Nisley also authorized McCabe to make up any time taken up by calls with her daughters' treatment center later in the day. Nisley informed McCabe that as long as she worked the number of hours that were reflected on her time records, everything would be "O.K."

22. On June 27, 2013, several issues related to plaintiff's daughters' hospitalization arose. McCabe asked her supervisors for approval to work after her scheduled shift and asked Nisley whether she should submit a request for medical leave. Nisley authorized McCabe to flex her schedule as needed.

23. Defendant Tuality, through plaintiff's supervisors, repeatedly warned McCabe that she was taking too much time off work for medical reasons.

24. On about July 8, 2013, plaintiff inquired of defendant Tuality's Human Resources department about updating her intermittent medical leave request. On about July 10, 2013, defendant Tuality suspended McCabe without pay for alleged "time card fraud.

25. On approximately July 15, 2013, Hege and Nisley met with McCabe, and delivered her a Final Written Warning. Nisley told plaintiff that defendant Tuality needed employees that it could "depend" on and who "can work their scheduled shifts." Nisley further stated that "we don't like having to do this Shannon, because of your fragile mental health." Such references to plaintiff's "mental health" were made repeatedly.

26. McCabe returned to work the next day and as she approached the end of her shift selected a transcription assignment she believed she could complete before her shift ended. Plaintiff finished the final transcription assignment 13 minutes past her scheduled shift. Plaintiff emailed Hege and Nisley at the end of her shift and informed them of her overage and that she

would adjust her hours the following day to compensate, as she had been previously instructed and authorized.

27. Defendant Tuality's transcriptionists are allowed to work a number of minutes inside or outside of their scheduled shifts without time being added or deducted from their scheduled shifts. Defendant Tuality's transcriptionists frequently work beyond the cushion allowed at the end of their shifts and when they do so are instructed to deduct such overage amount from another day in the pay period.

28. Defendant Tuality had not previously reprimanded McCabe for working over the end of her shift and adjusting her hours on another shift in the pay period, but on the morning of July 17, 2013, Nisley accused McCabe of improperly working beyond her scheduled shift. Defendant Tuality terminated McCabe's employment the same day.

## FIRST CLAIM FOR RELIEF

**(Protected Medical Leave Interference - 29 U.S.C. § 2615(a); ORS 659A.183(2))**

29. Plaintiff realleges the allegations in paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff was an eligible employee as defined in 29 U.S.C. § 2611(2) and ORS 659A.150(2).

31. Plaintiff qualified for protected medical leave for her own serious health condition as defined by 29 U.S.C. § 2611(12)(a)(1)(D) and ORS 659A.159(1)(c). She qualified for protected family medical leave pursuant to 29 U.S.C. § 2611(12)(a)(1)(C) and ORS 659A.159(1)(b).

32. Defendant Tuality imposed requirements on plaintiff's use of medical leave in violation of applicable statutes and administrative regulations.

33. Defendant Tuality discriminated against McCabe in the terms, conditions, and privileges of her employment, and terminated McCabe's employment, in substantial motivating part because she made use of protected medical leave in violation of 29 U.S.C. § 2615(a) and ORS 659A.183(2).

34. As a result of defendant Tuality's actions as alleged herein, McCabe has lost wages and benefits of employment from the date of her termination through the date of trial for which she should recover from defendant Tuality in such amount as may be established based on evidence presented at trial.

35. Reinstatement is not feasible, and as a further result of defendant Tuality's unlawful employment practice alleged herein, McCabe has lost future wages and benefits of employment for which she should recover from defendant Tuality in such amount as may be established based on evidence presented at trial.

36. Plaintiff is entitled to a declaration that defendant Tuality acted in violation of the statute as set forth in this claim for relief and to such equitable relief as the Court determines to be appropriate upon the evidence presented at trial.

37. For violation of 29 U.S.C. § 2615(a), McCabe is also entitled to recover from defendant Tuality an additional amount as liquidated damages equal to the sum of the amount recovered under this claim for relief, plus interest, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

38. Plaintiff is entitled to recover her reasonable attorney fees and costs pursuant to

29 U.S.C. § 2617(a)(3) and ORS 659A.885.

## SECOND CLAIM FOR RELIEF

(Disability Discrimination: Failure to Accommodate - 42 U.S.C. § 12112(b)(5)(A); ORS 659A.112(2)(e))

39.     Plaintiff realleges the allegations in paragraphs 1 through 28, 34 through 36, and 38 as though fully set forth herein.

40.     McCabe's reports of her back injury and limitations, and her request for intermittent medical leave to manage her severe back pain, constituted requests for reasonable accommodations.

41.     Defendant Tuality failed to engage in a good faith interactive process to determine what reasonable accommodations were necessary and appropriate, in violation of 42 U.S.C. § 12112(b)(5)(A), 29 C.F.R. § 1630.2(o)(3), ORS 659A.112(2)(e) and OAR 839-006-0206(4).

42.     Defendant Tuality failed and refused to provide and/or continue reasonable accommodation in the form of part-time or modified work schedules; job restructuring; providing additional leave; and other similar accommodations, in violation of 42 U.S.C. § 12112(b)(5)(A) and ORS 659A.112(2)(e).

43.     As a result of the unlawful actions alleged herein, McCabe suffered and continues to suffer noneconomic injury and she is entitled to noneconomic compensatory damages in such amount as may be found appropriate by a jury at trial.

44.     Defendant Tuality's acts as described herein were malicious, oppressive and/or in

reckless disregard of McCabe's protected federal and state rights. Defendant Tuality acted in complete indifference to plaintiff's safety and rights, and acted in the face of a perceived risk that its actions would violate plaintiff's rights under federal and state law.

45. Plaintiff is entitled to recover her reasonable attorney fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205 and ORS 659A.885.

## THIRD CLAIM FOR RELIEF

(Disability Discrimination: Termination)

46. Plaintiff realleges the allegations in paragraphs 1 through 28, 34 through 36, 38, and 40 through 45 as though fully set forth herein.

47. Defendant Tuality terminated plaintiff's employment in substantial motivating part due to her disability in violation of 42 U.S.C. § 12112(a) and ORS 659A.112(1).

## FOURTH CLAIM FOR RELIEF

(Common Law Wrongful Discharge)

48. Plaintiff incorporates by reference the allegations of paragraphs 1 through 28, 43, and 44 as though fully set forth herein.

49. Plaintiff's termination was motivated in substantial part by her pursuit of rights related to her role as an employee, which rights are of important public interest, i.e., her good faith opposition and resistance to defendant Tuality's violation of her medical leave rights; and in violation of duties imposed upon defendant Tuality by established public policy as expressed in applicable family and medical leave laws.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the court to:

1. Assume jurisdiction over each of the causes set forth herein.

2. Declare defendant Tuality in violation of the statutory provisions at issue in this case.

3. Grant a permanent injunction enjoining defendant Tuality Healthcare, its officers, management personnel, commissioners, employees, agents, successors, and assigns, and all persons in active concert or participation with defendant Tuality, from engaging in employment practices which violate rights arising under the statutory provisions at issue in this case on terms the court deems appropriate.

4. Award plaintiff compensation for her past economic damages and compensation for lost future earnings and benefits of employment as set forth in each claim for relief.

5. Order defendant Tuality to make plaintiff whole by providing compensation for non-economic losses, including physical and emotional pain and suffering, and worsening of health conditions, as set forth in each claim for relief, in amounts as are found appropriate by a jury.

6. Assess against defendant Tuality punitive damages as set forth in each claim for relief in an amount sufficient to punish defendant Tuality and to deter defendant Tuality and others from similar conduct in the future.

7. Award plaintiff liquidated damages on her Family Medical Leave Act claim in an amount equal to her economic damages, plus interest, pursuant to 29 U.S.C. § 2617(a)(1)(A) &

(B).

8.        Award plaintiff her costs of suit and reasonable attorney fees, costs and expert witness fees.

9.        Order defendant Tuality to pay prejudgment and postjudgment interest as may be appropriate on all amounts due to plaintiff as a result of this action, with interest at the appropriate state and/or federal statutory interest rate.

10.       Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff McCabe demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

Dated:  May 5, 2014.

                                        **CRISPIN EMPLOYMENT LAWYERS**

                        By:   S/ Craig A. Crispin
                                Craig A. Crispin, OSB No. 82485
                                Of Attorneys for Plaintiff McCabe