Alan M. Lee, OSB No. 680946
Alee@Bullardlaw.com
Maryann Yelnosky, OSB No. 863200
myelnosky@bullardlaw.com
Bullard Law
200 SW Market Street, Suite 1900
Portland, OR 97201
503-248-1134/Telephone
503-224-8851/Facsimile

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SHANNON McCABE,<br><br>            Plaintiff,<br><br>   v.<br><br>TUALITY HEALTHCARE, a nonprofit Oregon corporation,<br><br>            Defendant. | Case No. 3:14-cv-00748-MO<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Pursuant to FRCP 34, Defendant Tuality Healthcare (hereinafter "Defendant") admits, denies and alleges as follows:

<u>NATURE OF THE ACTION</u>

1. Defendant acknowledges the allegations contained in Paragraph 1 as to the nature of the action and no response is required to such statement. To the extent such allegations raise any claim or inference as against inference of a claim as

Page 1    DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

against Defendant, such allegations are denied.

2. Defendant acknowledges the allegations contained in Paragraph 2 as to the nature of the action and no response is required to such statement. To the extent such allegations raise any claim or inference as against inference of a claim as against Defendant, such allegations are denied.

## JURISDICTION AND VENUE

3. Defendant admits Paragraph 3 on information and belief.

4. Defendant admits Paragraph 4 on information and belief.

5. Defendant denies the allegations in Paragraph 5.

## PARTIES

6. Defendant admits the allegations in Paragraph 6.

7. Defendant denies the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant admits paragraph 11.

## PROCEDURAL REQUIREMENTS

12. Defendant admits Paragraph 12.

13. Defendant denies Paragraph 13.

14. Defendant admits Paragraph 14.

15. In response to Paragraph 15 of the Complaint, Defendant admits that Plaintiff advised Defendant that she had been involved in a motor vehicle accident and that she had suffered physical injuries. In addition, Defendant admits that Plaintiff's physician provided Defendant with a restricted work schedule. Except as admitted, Defendant denies remaining portions of Paragraph 15 of the Complaint.

16. In response to the allegations in Paragraph 16 of the Complaint,

Defendant admits that Plaintiff's supervisors authorized her to work in compliance with her physician's Release to Work; except as admitted, defendant denies remaining allegations of Paragraph 16.

17. Defendant admits that in October 2012 Plaintiff received a performance evaluation and that she was advised that a flexible schedule may be available to her by Defendants. Except as admitted, Defendant denies the remaining allegations of Paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies them.

19. Defendant admits that Plaintiff inquired about taking intermittent medical leave in March of 2013. Except as admitted, Defendant denies remaining allegations of Paragraph 19 of the Complaint.

20. In response to the allegations in Paragraph 20 of the Complaint, Defendant admits that Plaintiff advised it that her daughters were in a treatment program located out of state and further admits that Plaintiff was told she could flex her hours to participate in telephone calls. Except as admitted, Defendant denies remaining allegations of Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. In response to the allegations in Paragraph 22 of the Complaint, Defendant admits that Plaintiff requested that she be allowed to flex her schedule and Defendant authorized Plaintiff to have a flexible schedule subject to specific conditions and restrictions compatible with the Defendant's polices. Except as admitted, Defendant denies remaining allegations of Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the

Complaint.

24. In response to the allegations in Paragraph 24, Defendant admits that on information and belief Plaintiff inquired of the Defendant's Human Resources Department regarding her intermittent medical leave certification. In addition, Defendant admits that it suspended Plaintiff for deliberately and intentionally falsifying her time card. Except as admitted, Defendant denies remaining allegations of Paragraph 24 of the Complaint.

25. In response to the allegations in Paragraph 25 of the Complaint, Defendant admits that Plaintiff received a final written warning on or about July 15, 2013. Except as admitted, Defendant denies remaining allegations of Paragraph 25 of the Complaint.

26. In response to the allegations of Paragraph 26 of the Complaint, Defendant, on information and belief, admits that Plaintiff selected a transcription assignment at or near the end of her shift and did not complete the assignment by the end of her shift. Defendant further admits that Plaintiff emailed Defendant advising it that she had worked a longer shift than authorized on July 16. Except as admitted, Defendant denies remaining allegations of Paragraph 26.

27. In response to the allegations in Paragraph 27 of Plaintiff's Complaint, Defendant admits that its transcriptionist are required to follow the time recording policy and according to that policy, transcriptionists are required to clock in no later than seven minutes before their shift begins and clock out within seven minutes after their shift ends. Except as admitted and stated herein, Defendant denies remaining allegations of Paragraph 27 of the Complaint.

28. Defendant admits that it terminated Plaintiff on July 17, 2013, and except as admitted, Defendant denies the remaining allegations of Paragraph 28 of the Complaint.

## FIRST CLAIM FOR RELIEF

29. Defendant incorporates by reference its responses above to Plaintiff's Paragraphs 1 through 28.

30. In response to Paragraph 30 of the Complaint, such allegations contain conclusions and/or recitations of law which do not require an answer and Plaintiff is thus left to her proof. To the extent that such allegations raise any claim or inference of claims against the Defendant, such claims and allegations are denied.

31. In response to the allegations of Paragraph 31 of the Complaint, Defendant admits that at times Plaintiff qualified for family medical leave under federal and state law. Except as admitted Defendant denies the remaining allegations of Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

## SECOND CLAIM FOR RELIEF

39. Defendant incorporates by references responses above to Plaintiff's Paragraphs 1 through 28, 34 through 36 and 38.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

## THIRD CLAIM FOR RELIEF

46. Defendant incorporates by references responses above to Plaintiff's Paragraphs 1 through 28, 34 through 36 and 38, 40 through 45.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

## FOURTH CLAIM FOR RELIEF

48. Defendant incorporates by references responses above to Plaintiff's Paragraphs 1 through 28, 34 through 36 and 38, 40 through 45, and 47 through 48.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

## PRAYER FOR RELIEF

1. Responding to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff has incurred or sustained damages, denies that Plaintiff is entitled to any relief and alleges that the relief sought by Plaintiff is neither justified nor appropriate.

2. Defendant denies each and every allegation of Plaintiff's Complaint not expressly identified addressed and admitted herein.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to rely upon the following affirmative defenses to the claims asserted in Plaintiff's Complaint to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiff and with the reservation of its right to amend or supplement its response to Plaintiff's Complaint, as well as Affirmative Defenses as information is gathered through discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims against Defendant upon which relief can be granted.

Page 7  DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or time limitations set forth in state and federal law.

## THIRD AFFIRMATIVE DEFENSE

Any failure by Plaintiff to mitigate her alleged damages by reasonably and diligently seeking or maintaining suitable alternate employment bars or limits any recovery herein.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's actions with regard to Plaintiff were based on legitimate non-discriminatory factors and Defendant acted in good faith with respect to Plaintiff and had reasonable grounds to believe that its actions or admissions were not unlawful.

WHEREFORE, Defendant request judgment dismissing Plaintiff's Complaint with prejudice and for its costs, disbursements and fees incurred herein.

DATED: May 27, 2014

BULLARD LAW

By s/ Alan M. Lee
Alan M. Lee, OSB No. 680946
Alee@Bullardlaw.com
Maryann Yelnosky, OSB No. 863200
myelnosky@bullardlaw.com
Attorneys for Defendant
Tuality Healthcare

Page 8   DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2014, I served the foregoing

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S

COMPLAINT on:

> Craig A. Crispin
> Crispin Employment Lawyers
> 1834 SW 58th Avenue, Suite 200
> Portland, OR  97221-1455
> crispin@employmentlaw-nw.com

☑ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by **mailing** a true and correct copy to the last known address of each person listed.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed.  It was contained in a sealed envelope and addressed as stated above.

☐ by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed.  It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐ by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery.  It was addressed as stated above.

☐ by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

> s/ Alan M. Lee
> Alan M. Lee, OSB #680946
> Maryann Yelnosky, OSB No. 863200
> Attorneys for Defendant Tuality Healthcare